**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
)
)
)
IN THE MATTER OF ) INDEX NO. 16-10222-JLG
)
)
RAHUL MANCHANDA ) MOTION TO OPPOSE LIFTING
) OF AUTOMATIC STAY AS TO
) LANDLORD STEVE VECCHIONE
)
------------------------------------X

Rahul Manchanda, an Attorney duly admitted to practice throughout the federal, state and local courts of New York State, and in support of his original Automatic Stay as per his original Chapter 13 Bankruptcy Filing, hereby submits his Opposition to Landlord Stephen Vecchione's Motion to Lift the Automatic Stay, and does hereby state:

**PRELIMINARY STATEMENT**

1. Less than one month into this chapter 13 proceedings Landlord Steven Vecchione seeks to modify the automatic stay to proceed with eviction, even though he has also been pre-paid with several months of additional month rent plus security deposit at the signing of the lease in February 2015, had agreed in writing to automatically renew the underlying lease even if not timely notified in advance by the Debtor (which he was, even supported by his own Exhibit C), and in the face of an array of serious landlord abuses and violations of federal, state and local law too numerous to describe here (also supported by Movant's own Exhibit C), which would also quantify and generate multiple counterclaims and "setoffs" owing to Debtor from Landlord Stephen Vecchione, thus also bringing in 11 USC 362(a)(7) as well as (a)(1) (also supported by his own Exhibit C).

1b. If this Honorable Court does not maintain the automatic stay currently in place against Landlord Stephen Vecchione, then Debtor will be forced to litigate and bring his counterclaims and defenses in multiple federal, state, and local courts and forums, such as the New York State Division of Human Rights ("NYSDHR"), Housing and Urban Development ("HUD"), NYC Housing Preservation and Development ("HPD"), and other agencies, and not just in Landlord-Tenant Court, thus compounding Debtor's financial stress, increasing litigation unnecessarily, stretching and stressing overall judicial economy, and taking much needed energy, finances, and time away from settling his current Creditor claims for a relatively short and brief period of time.

2. Steven Vecchione cannot satisfy his burden of establishing cause sufficient to truncate the statutorily imposed breathing spell to which Debtor is entitled under section 362 of title 11 of the United States Code (the "**Bankruptcy Code**"). Steven Vecchione is just one of countless similar threatened creditor lawsuits against Debtor across the country and Steven Vecchione has not articulated any special facts or circumstances warranting relief from the stay in his case.

3. Moreover, Steven Vecchione is not ready for trial, cannot proceed, and would impose an unjust burden on Debtor if he were allowed to proceed at this time.

4. Allowing Steven Vecchione relief from the automatic stay at this juncture would expose Debtor to countless other lift stay motions which would impose a burden on the Debtor and his estate at a time when his limited remaining resources *should be* devoted to the immediate task of filing schedules of assets and liabilities and statements of financial affairs, determining how to dispose of remaining assets in an orderly and value-maximizing manner, and establishing an organized chapter 13 payment plan process.

5. Through such a process, Debtor will be able to efficiently and fairly address all claims, including that of Stephen Vecchione, in a centralized fashion rather than being forced to litigate such claims in a piecemeal, *ad hoc* manner in courts across the country.

6. Until Debtor has been afforded the time necessary to establish claims procedures, it is premature and a waste of judicial and estate resources to compel the Debtor to proceed with Stêphen Vecchione's lawsuit.

7. Further, the burden imposed on the Debtor in terms of the time, financial resources, and attention necessary to defend and counterclaim for setoffs Stephen Vecchione' lawsuit in state court far outweighs any potential gain to Stephen Vecchione in proceeding with his lawsuit against the Debtor at this time.

8. Stephen Vecchione is unlikely to obtain any proceeds from Debtor other than his security deposit and several months pre-paid rent even if he could prevail in his prospective eviction lawsuit.

9. Furthermore as described above and in the exhibits Debtor has several potential counterclaims and potential setoffs wherein Stephen Vecchione would very likely owe money to the Debtor should his eviction lawsuit proceeding be allowed to go forward.

10. At best, any judgment Stephen Vecchione may receive in his lawsuit would entitle him to a general unsecured claim to be paid proportionally with the countless other such creditor claims.

11. There is no reason Stephen Vecchione must liquidate his general

unsecured claim ahead of countless similarly-situated and more vested creditors.

12. Accordingly, Debtor respectfully requests that this Court deny the Motion or in the alternative adjourn the Motion until the Debtor implements a chapter 13 payment plan.

**ARGUMENT**

**A. The Automatic Stay is Fundamental to the Chapter 13 Bankruptcy Process**

13. Section 362(a)(1) of the Bankruptcy Code provides that a petition filed under section 301, 302 or 303 of this title operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. 11 U.S.C. § 362(a)(1).

14. Furthermore 11 USC § 362(a)(7) also prohibits lawsuits or actions involving a setoff of any debt owing to the Debtor that arose before the commencement of the case under this title against any claim against the Debtor.

15. The automatic stay affords a debtor fundamental protections under the Bankruptcy Code. *See, e.g., Midatlantic Nat'l Bank v. New Jersey Dep't of Envt'l Protection*, 474 U.S. 494, 503 (1986) ("The automatic stay provision of the Bankruptcy Code has been described as one of the fundamental debtor protections provided by the bankruptcy laws.") (citations and internal quotations omitted); *In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 836 (Bankr. S.D.N.Y. 1990) ("The automatic stay imposed by section 362(a) of the Bankruptcy Code is one of the most fundamental debtor protections provided by the bankruptcy laws.") (citations and internal quotations omitted).

16. The broad protection of the automatic stay extends to all matters that may have an effect on a debtor's estate and is designed to relieve "the financial pressures that drove [the debtor] into bankruptcy." H.R. Rep. No. 95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6297; *Official Committee of Unsecured Creditors v. PSS Steamship Co.*, 114 B.R. 27, 29 (Bankr. S.D.N.Y. 1989). It does this by providing the debtor with a "breathing spell" after the commencement of a bankruptcy case, shielding it from creditor harassment at a time when the debtor should be focusing on restructuring. *See Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (holding that the automatic stay applied to an appeal that otherwise would "distract debtor's

attention from its primary goal of reorganizing") (citation and internal quotation marks omitted); *AP Indus. Inc. v. SN Phelps & Co. (In re AP Indus., Inc.)*, 117 B.R. 789, 798 (Bankr. S.D.N.Y. 1990) ("The purpose of the protection provided is to give the debtor a breathing spell, an opportunity to rehabilitate its business and to enable the debtor to generate revenue.").

17. The automatic stay "is necessary to exclude any interference by the acts of others or by proceedings in other courts where such activities or proceedings tend to hinder the process of reorganization." *Fidelity Mortgage Investors v. Camelia Builders, Inc.*, 550 F.2d 47, 53 (2d Cir. 1976) (Bankruptcy Act case) (citations and internal quotations omitted), *cert. denied*, 429 U.S. 1093 (1977). Further, "[t]he automatic stay prevents creditors from reaching the assets of the debtor's estate piecemeal and preserves the debtor's estate so that all creditors and their claims can be assembled in the bankruptcy court for a single organized proceeding." *AP Indus.*, 117 B.R. at 798.

**B. Landlord Stephen Vecchione Fails to Meet His Burden of Establishing Cause to Modify the Automatic Stay**

18. Section 362(d) of the Bankruptcy Code provides that a party may be entitled to relief from the automatic stay under certain circumstances. 11 U.S.C. § 362(d); *In re Eclair Bakery Ltd.*, 255 B.R. 121, 132 (Bankr. S.D.N.Y. 2000). Specifically, relief from the stay will be granted only where the party seeking relief demonstrates "cause." (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; 11 U.S.C. § 362(d)(1).The statute does not define what constitutes "cause," however, courts have determined that in examining whether cause exists they "must consider [the] particular circumstances of the case and ascertain what is just to the claimants, the debtor, and the estate." *In re Mego Int'l, Inc.*, 28 B.R. 324, 326 (Bankr. S.D.N.Y. 1983).

19. In determining what is just to all parties in interest with respect to lifting the automatic stay, courts in the Second Circuit follow the seminal decision of *In re Sonnax Industries, Inc.*, 907 F.2d 1280 (2d Cir. 1990). *See, e.g., Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999) (vacating a district court order granting stay relief where the bankruptcy court had not applied the *Sonnax* factors, made only sparse factual findings and ultimately did not provide the appellate court "with sufficient information to determine what facts and circumstances specific to the present case the court believed made relief from the automatic stay appropriate."). In *Sonnax*, the court outlined twelve factors to be considered when deciding whether to lift the automatic stay:

(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms. *Sonnax*, 907 F.2d at 1286. Only those factors relevant to a particular case need be considered and the court need not assign them equal weight. *In re Touloumis*, 170 B.R. 825, 828 (Bankr. S.D.N.Y. 1994).

20. The moving party bears the initial burden to demonstrate that cause exists for lifting the stay under the *Sonnax* factors. *Id.* at 1285. If the movant fails to make an initial showing of cause, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection. *Id.* Further, the cause shown must be "good cause." *Morgan Guar. Trust Co. of New York v. Hellenic Lines, Ltd.*, 38 B.R. 987, 998 (S.D.N.Y. 1984) ("Cause shown [to] avoid the proscription of section 362 [must be] good cause."). Here Stephen Vecchione fails to meet his burden to establish good cause to lift the automatic stay.

21. Stephen Vecchione cannot satisfy his burden to lift the automatic stay because each of the *Sonnax* factors relevant to this case weigh against lifting the automatic stay.

22. Stephen Vecchione' arguments in support of his motion is unavailing.

23. Stephen Vecchione also commits perjury to this court when he states on page 4 paragraph 2 of his motion that "one of Debtor's checks for pre-paid rent and security deposits failed to clear collection," as Landlord Stephen Vecchione would not have given Debtor a key nor sent him an executed lease had one of those pre-paid rent checks and security not "cleared collections" - this perjury on this court should also be examined for purposes of sanctions against Landlord Stephen Vecchione and his Counsel;

24. Regarding Landlord Stephen Vecchione's false statement of Debtor's non-payment of utilities, Landlord Stephen Vecchione has never sent an invoice of such charges as is his usual *modus operandi*, merely orally telling Debtor or texting Debtor in a

totally inappropriate and unacceptable manner, never substantiating the charges thereon;

25.   As stated above Less than one month into this chapter 13 proceedings Landlord Steven Vecchione seek to modify the automatic stay to proceed with eviction, even though he has also been pre-paid with several months of additional month rent plus security deposit at the signing of the lease in February 2015, had agreed in writing to automatically renew the underlying lease even if not timely notified in advance by the Debtor (which he was, even supported by his own Exhibit C), and in the face of an array of serious landlord abuses and violations of federal, state and local law too numerous to describe here (also supported by Movant's own Exhibit C), which would also quantify and generate multiple counterclaims and "setoffs" owing to Debtor from Landlord Stephen Vecchione, thus also bringing in 11 USC 362(a)(7) as well as (a)(1) (also supported by his own Exhibit C).

Accordingly, Stephen Vecchione' motion for relief from the automatic stay should not be granted at this time.

**CONCLUSION**

**WHEREFORE** Debtor respectfully requests that the Court deny the Motion and the relief requested therein or in the alternative adjourn the motion pending the Chapter 13 adjudication towards discharge and payment plan process.

Dated: February 20, 2016
New York, New York

*/s/ Rahul Manchanda*
_____
Rahul Manchanda
82 Beaver Street, Apt 301
New York, NY 10005
Telephone: (212) 968-8600
Facsimile: (212) 968-8601

**ATTORNEY CERTIFICATION OF SERVICE**

On February 20, 2016 the undersigned did deliver a copy of the attached Motion to Oppose Stephen Vecchione's Motion to Lift Automatic Stay by US Mail at the following location: Kaufman Friedman Plotnicki & Grun LLP, Attorneys for Stephen Vecchione, 300 East 42nd Street, 8th Floor, New York NY 10017.

*/s/ Rahul Manchanda*
_____
Rahul Manchanda, Esq.