| | |
|---|---|
| Connecticut Attorney General's Office | Opposition Deadline: March 8, 2016 |
| Robert J. Deichert | |
| Assistant Attorney General | Hearing Date: March 15, 2016 |
| 55 Elm Street | |
| P.O. Box 120 | |
| Hartford, CT 06141-0120 | |
| (860) 808-5020 | |
| *Attorney for Judge Jane Emons* | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | : | CHAPTER 13 |
| IN THE MATTER OF RAHUL MANCHANDA, | : | CASE NO. 16-10222-JLG |
| | : | |
| | : | |
| | : | MARCH 8, 2016 |

### JUDGE EMONS' MEMORANDUM OF LAW IN OPPOSITION TO DEBTOR'S MOTION FOR CONTEMPT

Judge Jane Emons of the Connecticut Superior Court ("Judge Emons") submits the following Memorandum of Law in Opposition to Debtor's Motion for Contempt against Judge Emons (Docket Nos. 16 & 20, hereinafter collectively referred to as "Debtor's Motion"), and argues as follows:

1. Debtor Rahul Dev Manchanda, a self-represented attorney, claims that Judge Emons violated the automatic stay under 11 U.S.C. § 362(a) based on actions she has allegedly taken in her judicial role in connection with *Kruczic v. Manchanda*, FA 15-4064815-S (Conn. Super. Ct.), a civil action for the establishment of an order for domestic support obligations and concerning custody and visitation of the minor children born of the marriage between Debtor and Sharie Kruzic. Based on those claimed violations of the automatic stay, Debtor asks this Court to hold Judge Emons in civil and criminal contempt, award Debtor costs and sanctions and order

1

that Judge Emons be incarcerated. (DM005, DM007).[1] Debtor's claims utterly lack merit and this Court should deny Debtor's Motion.

## FACTUAL BACKGROUND

2. Debtor filed his Petition on January 29, 2016, thereby invoking this Court's jurisdiction and commencing the automatic stay. 11 U.S.C. § 362(a).

3. In the less than two months since Debtor filed his Petition, Debtor has filed Motions for Contempt against seven separate individuals or entities, including Judge Emons.

4. On February 4, 2016, Debtor filed a Motion for Contempt against Judge Emons (No. 16) and that was followed by a February 8, 2016 filing asking this Court to issue "an order holding Judge Jane Emons of New Haven Superior Court in Civil and Criminal Contempt of Court" based on actions she allegedly took in connection with *Kruczic v. Manchanda*, FA 15-4064815-S (Conn. Super. Ct.) that Debtor alleges violated "the Automatic Stay and Protection of this Honorable Court by threatening, harassing, collecting and otherwise violating federal bankruptcy protection." (No. 20) (DM004).

5. The body of Debtor's Motion and the Supporting Affirmation make several broad allegations but do not identify any specific action taken by Judge Emons, either before or after Debtor filed his Petition. (DM004-006).

---

[1] Debtor's filing is not paginated and contains a number of sections and attachments, so Judge Emons has attached a bates numbered version of Debtor's filing (numbered DM001-DM0023) as Exhibit 1 to this Memorandum of Law to assist the Court.

6. The attachments to Debtor's Motion include materials dated before Debtor filed his Petition (DM009-012) as well as apparent complaints Debtor filed with Connecticut's Judicial Review Council against Judge Emons based largely on pre-Petition allegations. (DM015-23).

7. To the extent Debtor's Motion references post-Petition events, it does not identify any specific action Judge Emons is alleged to have taken post-Petition.

8. The conclusion that Debtor's Motion is not based on any post-Petition actions actually taken by Judge Emons is buttressed by the docket in *Kruczic v. Manchanda*, which indicates that the only action taken by Judge Emons since Debtor filed his Petition on January 29, 2016 and invoked this Court's jurisdiction and before Debtor filed his Motion was to grant a Motion for Continuance in Debtor's favor. *Docket Sheet in Kruczic v. Manchanda*, FA 15-4064815-S (Conn. Super. Ct.), Entry No. 169.00 (Exh. B to Declaration). This Court may take judicial notice of the state court's docket sheet in addressing this Motion. *See, e.g., In re Van Eck*, 2010 WL 2402893, at *2 (Bankr. D. Conn. June 14, 2010) (taking "judicial notice of" a "State Court Docket").

## ARGUMENT

### I. This Court Should Deny Debtor's Motion Because it Does Not Comply with Local Rule 9013-1

9. Local Rule 9013-1 requires that "[e]ach motion shall specify the rules and statutory provisions on which it is predicated and the legal authorities that support the requested relief" and that if a motion does not comply with this requirement "the Court may strike the motion from the calendar."

3

10. Debtor's Motion makes broad reference to *inter alia* federal bankruptcy law and the automatic stay, but does not specify the rules or statutory provisions Debtor claims Judge Emons violated.

11. That failure alone warrants denying Debtor's Motion, particularly given that Debtor is an experienced attorney who represents that he was "[r]anked amongst Top Attorneys in the United States by Newsweek Magazine in 2012." (DM013).

12. Indeed, Debtor presumably is well aware of Local Rule 9013-1's requirements. In an earlier proceeding before this Court brought by Manchanda Law Offices PLLC, in which Debtor was "the principal attorney and the sole member," the debtor followed a similar approach of filing several motions seeking to punish individuals and entities for contempt. *Memorandum Endorsement and Order Denying Contempt Motions and Enjoining Further Filings Except in Accordance with this Order in In re: Manchanda Law Offices PLLC*, No. 11-15837 (SMB), p. 1 (Exh. C to Declaration). The early motions suffered from defects that the Court attributed to Debtor's "ignorance of bankruptcy law" but after Debtor was informed of the issues Debtor persisted in the same conduct, which this Court concluded "implie[d] that he [wa]s attempting to intimidate his creditors and their attorneys" by *inter alia* sending "his frivolous motion, replete with scandalous and defamatory statements, to the Departmental Disciplinary Committee." *Id.* at 2.

13. In his Order, Judge Bernstein expressly directed Debtor "to comply with Local Bankr. R. 9013-1" in future filings. *Id.* at 3.

14. Despite Judge Bernstein's admonition, months later, Judge Glenn denied a motion for contempt filed by Debtor because it *inter alia* failed to comply with Local Rule 9013-1. *Order Denying Motion for Contempt in In re: Rahul Manchanda*, No. 13-12880 (MG), p.2 (Exh. D to Declaration). In so holding, Judge Glenn noted that Judge Bernstein had previously "brought Local Rule 9013-1 to the Debtor's attention" but that still "the Debtor (who is an attorney) ha[d] not cited any statutes, rules, or case law in his Motion despite being on notice of Local Rule 9013." *Id*.

15. Under the circumstances, this Court can—and should—deny Debtor's Motion because it does not comply with Local Rule 9013-1.

**II.    Judicial Immunity Bars Debtor's Motion**

16. Debtor apparently asks this Court to award monetary relief against Judge Emons based on actions she allegedly has taken in her judicial capacity that violate the automatic stay. Judicial immunity bars any such claims.

17. "It is well settled that a court and prosecutors enjoy judicial immunity from suit for acts taken in the course of their official judicial and prosecutorial duties . . . even where the action seeks damages for violation of the automatic stay." *In re Womack*, 253 B.R. 241, 242-43 (Bankr. E.D. Ark. 2000) (citing cases); *see also In re Hook*, 391 B.R. 211 (10th Cir. Bankr. App. Panel 2008) (unpublished) (judicial immunity barred claims based on *inter alia* alleged violation of the automatic stay).

18. *Weary v. Poteat*, which Debtor references in his March 3, 2016 Letter (No. 74) to support *inter alia* his Motion for Contempt against Judge Emons, is not to the

5

contrary. Indeed, the Sixth Circuit expressly recognized that "the automatic stay does not restrain" the pursuit "of criminal charges with governmental authorities." (No. 74-1, p. 4); *see also In re Maloney*, 204 B.R. 671, 675-76 (Bankr. E.D.N.Y. 1996) (holding that the automatic stay did not preclude debtor's incarceration for criminal contempt of state court order).

19. In addition to requesting monetary relief, Debtor's Motion also asks this Court to incarcerate Judge Emons based on Debtor's claims of Criminal Contempt. As an initial matter, the Second Circuit has noted "that there is a serious question as to whether the bankruptcy court . . . ha[s] . . . the authority to punish . . . for criminal contempt." *United States v. Guariglia*, 962 F.2d 160, 163 (2d Cir. 1992) (citing Bankr. R. 9020, Advisory Comm. Note-1987 Amendment). There is also a serious question as to whether judicial immunity would bar this Court from exercising its criminal contempt authority, assuming *arguendo* that this Court has such authority. *See, e.g.*, *In re Carpenter*, 2010 WL 2640604, at *3 n.2 (Bankr. D.D.C. June 29, 2010) (noting, but not deciding, the issue of whether the principles of judicial immunity reflected in 42 U.S.C. § 1983 "extend[] to non- § 1983 litigation").

20. This Court need not resolve those questions in this case. "[T]he burden on a party seeking to hold another in criminal contempt is greater than the burden on a party seeking only civil redress—as criminal contempt requires *willful* disobedience and demands *proof beyond a reasonable doubt*." *Panix Promotions, Ltd. v. Lewis*, 2004 WL 421937, at *2 (S.D.N.Y. Mar. 5, 2004). As will be discussed in more detail

below, Debtor's Motion falls far short of that "high burden of proof." *Stancuna v. Sacharko*, 2010 WL 2351485, at *1 n.2 (D. Conn. June 9, 2010).

21. Debtor's Motion only expressly seeks that Judge Emons be forced to pay a monetary award and/or be incarcerated. But even if this Court were to construe Debtor's Motion as seeking injunctive relief against Judge Emons, this Court should deny any such request.

22. Judge Emons had—and has—"concurrent jurisdiction with the bankruptcy court to determine the applicability of the automatic stay: 'The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay.'" *In re Bona*, 124 B.R. 11, 15 (S.D.N.Y. 1991) (quoting *In re Baldwin–United Corp. Litigation*, 765 F.2d 343, 347 (2d Cir.1985) (footnote omitted)).

23. At this point, Debtor has not identified any action that Judge Emons has taken that even arguably implicates—let alone violates—the automatic stay. It would be pure speculation to assume that Judge Emons will take such action.

24. More importantly, "consideration of judicial independence and the proper relation between federal and state courts require caution in" a bankruptcy court's award of prospective injunctive relief against a state court judge. *In re Swartling*, 337 B.R. 569, 572 (Bankr. E.D. Va. 2005). The *Swartling* Court's reasoning applies with equal force here:

> In this case, no facts are alleged that suggest any extraordinary cause for issuance of an injunction. In fact, the ordinary requirements for

>granting an injunction—no adequate remedy at law and an irreparable injury—are absent. Nor are there any facts that could be pled that would meet these requirements. The state court has not entered an order. The debtor . . . still has the opportunity to present his objections to the court. He may prevail. In the event that he is unsuccessful, he has the right to appellate review. These are adequate remedies at law. Nor is there an irreparable injury. If the judgment is sustained on appeal, the debtor suffers no injury.

*Id.* at 573. Debtor is an experienced attorney and this Court should not read a claim for injunctive relief into his Motion, but even if this Court were inclined to do so, Debtor has not established—and cannot establish—the extraordinary cause necessary to warrant an award of injunctive relief.

25. Debtor is—or should be—aware that judicial immunity bars his claims; Debtor previously had claims against a New York Family Court Magistrate dismissed on judicial immunity grounds. *Order of Dismissal in Manchanda v. Weir-Reeves*, No. 13-cv-5937 (PAE), p.2 (Exh. E to Declaration).

26. Judicial immunity "'protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants'" and is intended to "free[] the adjudicative process and those involved therein from harassment or intimidation." *Austern v. Chicago Bd. Options Exch., Inc.*, 898 F.2d 882, 885 (2d Cir. 1990) (quoting *Forrester v. White*, 484 U.S. 219, 225 (1988)). Debtor's continued pursuit of frivolous claims against judges and Magistrates based on actions taken in their judicial capacities is precisely the type of harassment judicial immunity is intended to protect against and this Court should deny Debtor's Motion. *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes" of *in forma pauperis* statute).

8

### III. Even if Judicial Immunity did not Apply, Comity Should Preclude this Court from Finding Judge Emons in Contempt

27. Judicial immunity and the other principles discussed above bar Debtor's Motion, but even assuming *arguendo* "that injunctive relief or coercive contempt sanctions are not barred by judicial immunity, principles of comity dictate that a state court judge not be put to the burden of defending a suit for an injunction or a motion for coercive contempt sanctions" where adequate alternative remedies are available. *In re Carpenter*, 2010 WL 2640604, at *2 (Bankr. D. D.C. 2010).

28. Debtor "in pursuing relief against Judge [Emons] is pursuing relief in this court against the wrong party." *Id.* at *3. As Debtor's demands against the other individuals and entities named in his Motion demonstrate, he has alternative means available to avoid any possible violation of the automatic stay. *Id.*

29. Ultimately, "[i]t is inappropriate at this juncture to entertain litigation against Judge [Emons] directly" given that "adequate remedies exist in the circumstances of this case that dictate that injunctive relief would be inappropriate and that as a matter of comity, Judge [Emons] ought not be subjected to being sued in this court." *Id.* at *3 & n.2.

### IV. Judge Emons Has Not Violated the Automatic Stay

30. Debtor's claims against Judge Emons are based on actions Judge Emons has allegedly taken in connection with *Kruczic v. Manchanda*, FA 15-4064815-S (Conn. Super. Ct.), a civil action for the establishment of an order for domestic support obligations and concerning custody and visitation of the minor children born of the marriage between Debtor and Sharie Kruzic.

9

31. Debtor apparently concedes—as he must—that "visitation hearings . . . can go forward" in state court notwithstanding the automatic stay. (DM023); *see also* 11 U.S.C. § 362(b)(2)(iii) (exempting the continuation of a proceeding "concerning child custody or visitation" from the automatic stay).

32. Debtor apparently argues, however, that the automatic stay precludes the state court from modifying the "current child support order" or taking any action that will impact Debtor financially. (DM023).

33. As an initial matter, Debtor does not allege that Judge Emons has actually taken actions that will impact Debtor financially since Debtor filed his bankruptcy Petition, nor would any such allegation be credible. That alone requires that this Court deny Debtor's Motion.

34. In any event, Debtor is wrong on the law. The "continuation of a civil action or proceeding . . . for the establishment or modification of an order for domestic support obligations" is expressly exempted from the automatic stay. 11 U.S.C. § 362(b)(2)(ii). Therefore, the automatic stay would pose no impediment to Judge Emons—or any other Superior Court Judge—taking action to modify Debtor's support obligations. *See, e.g., In re Cohen*, 2015 WL 5842298, at *1-7 (C.D. Cal. Oct. 5, 2015) (noting that "[w]here an act fits within the Support Exception, [r]elief from the automatic stay as to [that act] is not a matter of right; it is not necessary because no stay arises," holding that the Support Exception applied and recognizing "precedent counseling 'bankruptcy courts to avoid incursions into family law matters"); *In re Palmieri*, 2011 WL 6812336, at *1 (Bankr. E.D. Mich. Nov. 21,

10

2011) (holding that the Support Exception applied and denying motion for sanctions for claimed violation of the automatic stay); *In re Dudding*, 2011 WL 1167206, at *4 (Bankr. D. Vt. Mar. 29, 2011) (holding exception applicable and that state court action could proceed); *In re Bowen*, 2010 WL 1855871, at *6 (Bankr. E.D.N.C. May 7, 2010), *as amended* (May 10, 2010) (holding exception applicable and that post-Petition state court ruling did not violate the automatic stay); *In re Peterson*, 410 B.R. 133, 135-36 (Bankr. D. Conn. 2009) (holding exception applicable); *In re Takacs*, 2008 WL 4401395, at *1 n.1 (Bankr. E.D. Va. Sept. 19, 2008) (noting that where state court stayed proceeding subject to the exception, that that state court's caution was "understandable" but "unnecessary").

35. It is clear that Judge Emons has not taken any actions that would violate the automatic stay, and Debtor's Motion provides nothing aside from strident rhetoric to the contrary. That alone requires that this Court deny Debtor's Motion.

## V.  Even if there were a Violation of the Automatic Stay, there Would be no Basis for a Finding of Contempt

36. Even if this Court were to somehow conclude that there was a violation of the automatic stay, it would still be appropriate for this Court to deny Debtor's Motion.

37. Before a party may be held in civil contempt, it must be established that: "'(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.'" *Huber v. Arck Credit Co., LLC*, 2016 WL 482955, at *3 (S.D.N.Y. Feb. 5, 2016) (quoting *Paramedics*

11

*Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs.*, Inc., 369 F.3d 645, 655 (2d Cir. 2004)); *see also In re Chief Executive Officers Clubs, Inc.*, 359 B.R. 527, 535 (Bankr. S.D.N.Y. 2007) (applying standard in bankruptcy case).

38. Debtor's Motion falls far short of making the necessary showing. The foregoing analysis establishes that if there was somehow a violation of the automatic stay, the order was not sufficiently clear and unambiguous to support a contempt finding. Nor has Debtor offered any proof of non-compliance, let alone clear and convincing proof. Finally, Judge Emons has diligently and promptly responded to Debtor's claim through her counsel by obtaining *pro hac vice* admission to this Court and filing this Opposition and plans to attend the scheduled hearing.

39. The standard for criminal contempt is even higher than the standard for civil contempt, so Debtor's Motion falls even further short to the extent it asks this Court to hold Judge Emons in criminal contempt. *See, e.g., United States v. Vezina*, 165 F.3d 176, 180 (2d Cir. 1999) (proof beyond a reasonable doubt required to find criminal contempt).

## **CONCLUSION**

For the foregoing reasons, as well as any applicable reasons presented by the other parties subject to Debtor's other contempt motions, Judge Emons respectfully requests that this Court deny Debtor's Motion.

GEORGE JEPSEN
ATTORNEY GENERAL

By: */s/ Robert J. Deichert*
Robert J. Deichert
Assistant Attorney General
Fed. Bar No. ct24956
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120
Tel:  (860) 808-5020
Fax:  (860) 808-5347
Email: Robert.Deichert@ct.gov
*Pro Hac Vice* Granted

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2016, a copy of the foregoing was filed electronically. Notice of this filing will be sent via e-mail to all parties by operation of the Court's electronic filing system. I further certify that a copy of the foregoing has been served by first class mail, postage prepaid, to the following:

RAHUL DEV MANCHANDA
MANCHANDA LAW OFFICE PLLC
17 STATE STREET
SUITE 4000
NEW YORK, NY 10004
212-968-8600
Fax : 212-968-8601
Email: info@manchanda-law.com

By: */s/ Robert J. Deichert*_____
    Robert J. Deichert
    Assistant Attorney General