

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW HAVEN

In re:

RAHUL DEV MANCHANDA

Debtor

Chapter 13
Case No: 16-10222 (JLG)

<u>REPLY TO DEBTOR'S SUPPLEMENTAL MEMORANDUM OF LAW
AND PROPOSED ORDERS OF CONTEMPT AGAINST ANN GABRIEL OF SCSU AND GAL
JOE SILVESTRO [SIC] OF KOLB & ASSOCIATES, P.C.</u>

The undersigned, Guardian Ad Litem for the Debtor's minor children in a Connecticut Superior Court matter in the Judicial District of New Haven at New Haven, bearing Docket Number NNH-FA15-4064815-S , hereby files this response as a self-represented litigant with regard to the above-referenced Supplemental Memorandum of Law and Proposed Orders.

Paragraph 1 under the Memorandum of Law does not apply directly to the undersigned and therefore no response is provided.

The "proof" that is attached, shows that the billing for the undersigned's services was dated February 1 and mailed February 3.

The Debtor filed the bankruptcy on January 29, 2016, a copy of which was never faxed and/or emailed to the undersigned but was mailed from a different state. Therefore, it is respectfully submitted to this Court that the receipt of the monthly statement and the bankruptcy filing were in the mail crossing to different states.

Furthermore, it is respectfully submitted that there is nothing in the sending of a monthly statement that is aggressive. Additionally, the Debtor does nothing but cite a self-serving sentence stating his own lawyer threatened him with criminal prosecution and retaliation. This has nothing to do with the undersigned, nor does the undersigned have any personal knowledge of comments made by or to the Debtor and his former counsel.

The paragraph in which the Debtor cites a New Haven Family Court Industrial Complex can be likened to conspiracy-theory rhetoric that is aimed at distracting the Court. Additionally, the role of a Guardian Ad Litem is to make recommendations as to what is in the minor children's best interests. The undersigned took steps to ensure that contact was had between the Debtor and his two children of which there was none for two years. The undersigned accomplished same.

Throughout the Debtor's Supplemental Memorandum of Law, he does nothing more but use adjectives with regard to threatening, forcing, harassing, extorting, etc., however, the Debtor has shown absolutely zero proof of any attempt of aggression, extortion and/or the like by the undersigned.

Any bill received after the filing of the Debtor's Chapter 13 was unintentional and due to nothing more than distance between the undersigned's office in East Haven, Connecticut, and the Debtor's office in New York, New York.

Additionally, throughout the Debtor's Supplemental Memorandum of Law, it is rought with paragraphs and allegations against Judge Jane Emmons, of which the undersigned is in no position to comment on as they are not directed towards him.

The undersigned did file a Proof of Claim knowing that in several bankruptcy cases (as were previously cited in the Objection to the Motion for Contempt) fees of the Guardian Ad Litem are historically considered to be in the nature of child support, which are non-dischargeable in bankruptcy filings.

In the Debtor's Supplemental Memorandum of Law as to the Guardian Ad Litem Joe DiSilvestro of Kolb & Associates, P.C., the undersigned never once asked that the Debtor's own attorney threaten him with criminal prosecution trying to collect on the "artificially" inflated GAL bill. There is no proof of this. There is no proof because it never happened. Additionally, the Debtor signed an agreement stating the undersigned's hourly rate. The undersigned regularly charges $300.00 per hour. There is a sliding scale in the State of Connecticut for GAL's, and in fact, the hourly rate charged to the Debtor was within that scale.

There have been no attempts by the undersigned to seek leave of the Court in Connecticut to have payments made by the Debtor. There have been no attempts, other than the crossing of mail from two different states, in a span of four (4) days asking for payment of fees that the Debtor had agreed to.

Lastly, the exhibits that are attached, do nothing more than show what the hourly rate of the undersigned is, that the bill was dated February 1, and that it went through Hartford (approximately 45 miles from the office of the undersigned) on February 3rd. The rest of the attachments are nothing more than stories that have been in the news with regard to certain persons who do not feel that they have been served justice through the family court system which, it is respectfully offered, is not a novel idea.

WHEREFORE, the undersigned would respectfully request an order denying the Motion for Contempt and excusing the undersigned from having to appear in any further manner with regard to this Chapter 13 bankruptcy.

JOE DISILVESTRO, SELF REPRESNTED

BY:_____
JOSEPH A. DISILVESTRO, Self Represented

## CERTIFICATION

I hereby certify on this 30TH day of March, 2016, a copy of the foregoing was served via first class, postage prepaid mail and/or via ECF e-mail and/or UPS Overnight, to:

Rahul Manchanda, Esq.
82 Beaver Street, Apt 301
New York, NY  10005

United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY  10004

Honorable James L. Garrity, Jr.    (2 Copies) OVERNIGHT
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY  10004

Jeffrey L. Sapir, Esq.
As Chapter 13 and 12 Trustee
399 Knollwood Road, Suite 102
White Plains, NY  10603

BY: _____
JOSEPH A. DISILVESTRO, SELF REPRESENTED