**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:*<br><br>Rahul Dev Manchanda,<br>*Debtor* | Case No. 16-10222 (JLG)<br>Chapter 13 |

**MEMORANDUM DECISION DENYING DEBTOR'S MOTION TO HOLD JOE DISILVESTRO OF KOLB & ASSOCIATES IN CIVIL AND CRIMINAL CONTEMPT**

**A P E A R A N C E S :**

RAHUL DEV MANCHANDA, *pro se*
82 Beaver Street, Apt. 301
New York, New York 10005

JOSEPH A. DISILVESTRO, *pro se*
49 High Street
East Haven, Connecticut 06512

**JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

The matter before the Court is a motion (the "**Motion**")[1] by Rahul Dev Manchanda (the "**Debtor**"), the debtor herein, seeking to hold Joe DiSilvestro ("**DiSilvestro**") of Kolb & Associates ("**Kolb**") in civil and criminal contempt based upon his alleged violations of the

[1] The Motion is in the form of the Debtor's *Affirmation in Support of Motion for Contempt*, dated February 26, 2016 [ECF Doc. No. 64] (the "**Manchanda Affirmation**"), supported by a *Memorandum of Law and Proposed Orders of Contempt Against Paul Carty, SCSU, Robert Mercer-Falkoff, GAL Joe DiSilvestro, Sharie Kruzic and Judge Jane Emons*, dated March 8, 2016 [ECF Doc. No. 81] (the "**Manchanda Memo of Law**"); *Reply Affidavit to Contempt Objection of GAL Joe DiSilvestro of Kolb and Associates*, dated March 14, 2016 [ECF Doc. No. 93] (the "**Reply**"); *Supplemental Memorandum of Law and Proposed Orders of Contempt Against Ann Gabriel of SCSU and GAL Joe Silvestro of Kolb & Associates PC*, dated March 28, 2016 [ECF Doc. No. 107] (the "**Supplemental Memo**"); and the *Reply Affidavit to Supplemental Motion to Oppose Contempt as Against GAL Joe Dilvestro [sic] of Kolb & Associates PC*, dated April 7, 2016 [ECF Doc. No. 122] (the "**Supplemental Reply**").

automatic stay in this chapter 13 case. DiSilvestro objects to the Motion.[2] The Court conducted hearings on the Motion on March 15, 2016, and April 12, 2016 (the "**April 12 Hearing**"). Both parties are attorneys and appeared in the case *pro se.*[3]

The Debtor contends that DiSilvestro violated the automatic stay by (i) sending him a bill post-petition on account of prepetition services rendered by DiSilvestro, as a court-appointed guardian ad litem for Debtor's minor children, and (ii) harassing and threatening him with criminal prosecution for failing to pay that bill. He seeks to hold DiSilvestro in civil and criminal contempt of court and has also asked for compensatory and punitive damages. Although the Debtor does not specify the statutory or common law predicates for the relief he is seeking, the Court will analyze the Motion under §§ 105 and 362(k) of the Bankruptcy Code. The former "confers 'statutory contempt powers' [on the Court] which 'inherently include the ability to sanction a party.'" *Fatsis v. Braunstein (In re Fatsis)*, 405 B.R. 1, 7 (B.A.P. 1st Cir. 2009). The latter permits an individual debtor to recover actual damages, including costs and attorneys' fees and, in appropriate cases, punitive damages, for injuries caused by a willful violation of the automatic stay. *See* 11 U.S.C. § 362(k).

As explained below, save for Debtor's unsupported assertions in the affidavits submitted in support of the Motion, there is no evidence in the record that supports a finding that DiSilvestro threatened him with criminal prosecution over an unpaid prepetition bill. Moreover, although DiSilvestro acknowledges that he sent the Debtor a bill in violation of the automatic

[2] DiSilvestro's objection is comprised of the *Objection to Motion for Contempt as Against Joe DiSilvestro Kolb & Associates, P.C.*, dated as of March 4, 2016 [ECF Doc. No. 94] (the "**Objection**") and his *Reply to Debtor's Supplemental Memorandum of Law and Proposed Orders of Contempt Against Ann Gabriel of SCSU and GAL Joe Silvestro [SIC] of Kolb & Associates, P.C.*, filed with the Court on April 5, 2016 [ECF Doc. No. 117] (the "**DiSilvestro Memo of Law**").

[3] At the hearing, the parties relied on their submissions to the Court, including affidavits filed in support of their respective positions. Both parties addressed the Court on matters raised in their pleadings and other matters. Neither party objected to the use of the pleadings and neither sought to cross-examine the other.

stay, the evidence shows that he did so without knowledge of Debtor's bankruptcy filing. As such, Debtor has failed to establish that DiSilvestro knowingly and willfully violated the automatic stay. Moreover, and, in any event, the Debtor has failed to demonstrate that he has been damaged by DiSilvestro's stay violation. Since the Debtor has failed to meet his burden of establishing a right to civil or criminal contempt sanctions or relief under § 362(k), the Motion is **DENIED.**

## Jurisdiction

This memorandum constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, applicable here pursuant to Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction of the Motion pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

## Background

The relevant facts are not in dispute. The Debtor filed his chapter 13 case on January 29, 2016 (the "**Petition Date**"). The Debtor is party to a family court proceeding pending in the Superior Court of the State of Connecticut, Judicial District of New Haven (the "**Family Court**"). DiSilvestro has served as the Family Court-appointed guardian ad litem for the Debtor's minor children since on or about November 4, 2015. The Debtor contends that DiSilvestro violated the automatic stay in multiple ways. First, he says that DiSilvestro has been sending him bills on account of his prepetition services. Manchanda Aff. ¶ 2. *See also id.* at ¶ 3 (DiSilvestro has been "plundering, thieving, threating, harassing, collecting, fraudulent [sic], and violating disregard for federal bankruptcy protection."). He also alleges that DiSilvestro has

violated the stay because "DiSilvestro used Debtor's own lawyer Paul Carty to threaten Debtor to pay his issued monthly invoices under penalty of criminal incarceration" (Reply ¶ 3) and "Kolb has used his proxies . . . to send messages of threats of criminal prosecution as well as retaliation against him and his children if he does not pay his [guardian ad litem] [f]ees." Reply ¶ 11.[4] *See also* Supp. Reply ¶ 1 (DiSilvestro has "continued to . . . coerce . . . extort, blackmail, assist in holding his kids hostage preventing Debtor from seeing or speaking to them, facilitated medical/scientific experimentation on both him and his kids . . . in his role as [guardian ad litem] on his family court case."). The Debtor asserts that at all relevant times DiSilvestro was aware that Debtor was in bankruptcy because he had so advised DiSilvestro in writing (Manchanda Aff. ¶ 1), and because "Kolb was notified by this Court of his bankruptcy proceeding as part of the Creditor Matrix, as well as through Debtor's Counsel and other sources." Reply ¶ 6. The Debtor seeks a finding of civil contempt and criminal contempt, with "a fine and incarceration." (Manchanda Aff. ¶ 2.) He further seeks an award of costs (*id.* at ¶ 6) and fees (*see* Supp. Reply.).

As documentary evidence in support of the foregoing, the Debtor submitted copies of a Kolb invoice addressed to him seeking payment of $1,479.25, dated February 1, 2016 (the "**February Invoice**") and the envelope (the "**Envelope**") in which it was sent to the Debtor. Supp. Memo Ex. B. The face of the Envelope contains printed markings indicating "Hartford CT" and "3 Feb '16". *Id.* Except for his own affidavits, the Debtor did not submit any documents evidencing any threat of criminal prosecution by or on behalf of DiSilvestro.

During the April 12 Hearing, the Debtor asserted that one of the invoices was backdated and that DiSilvestro also mailed him an invoice dated March 3 (the "**March Invoice**"), although

[4] "[P]roxies" appears to refer to "Judge Jane Emons, Robert Mercer-Falkoff, Sharie Kruzic, and SCSU Staff." *See* Reply ¶ 5.

he did not have a copy of it.[5] Because DiSilvestro could not speak to the March Invoice at the April 12 Hearing, at the Court's direction, after the April 12 hearing, DiSilvestro reviewed his billing records to determine whether he had sent an invoice to the Debtor in March 2016. Based on that review, DiSilvestro advised that he did not send a March bill to the Debtor. *See Affidavit of Joseph A. DiSilvestro,* dated April 14, 2016 [ECF Doc. No. 124], at ¶¶ 3-8.

DiSilvestro acknowledges that his firm mailed the February Invoice on or about February 1, 2016. Obj. ¶ 8. He also admits receiving notice of the Debtor's bankruptcy filing at some point thereafter. He contends, however, that the February Invoice and any notice of the Debtor's bankruptcy filing crossed in the mail. Obj. ¶ 8; DiSilvestro Reply 1. He maintains that "[a]ny bill received [by the Debtor] after the filing of the Debtor's Chapter 13 was unintentional and due to nothing more than distance between the undersigned's office in East Haven, Connecticut, and the Debtor's office in New York, New York." *Id.* at 2. DiSilvestro asserts that the February Invoice represents his only attempt post-petition to collect "payment of fees that the Debtor had agreed to" from the Debtor. *Id.* at 3. He has made "no attempts [ ] to seek leave of the Court in Connecticut to have payments made by the Debtor." *Id. See also* Obj. ¶ 19 (DiSilvestro "has not sent the Debtor a monthly billing statement as of March 1, 2016, as is usual and customary for the billing cycle at the undersigned's firm.") DiSilvestro denies knowledge of whether Debtor's own attorney threatened the Debtor with criminal prosecution if DiSilvestro was not paid. DiSilvestro Reply 2, 3. He further denies making any threats against the Debtor. Obj. ¶ 14.

During the April 12 Hearing, DiSilvestro clarified and expounded on several of those arguments. He advised the Court that, to date, he has only billed the Debtor for services rendered as guardian ad litem up through the Petition Date, and has not taken any steps to collect

[5] During the April 12 Hearing, the Debtor referenced a February 6 date concerning DiSilvestro invoices, but did not provide context to that allegation, and the Court has been unable to locate anything in the record concerning a February 6 date related to any of DiSilvestro's billings.

those fees, including that he has not (i) sought to modify the automatic stay in this case; (ii) utilized any of the procedures available in the action pending in Family Court to be paid; (iii) or asked Paul Carty, the Debtor's former family law counsel in the Family Court action, to request that the Debtor pay DiSilvestro. DiSilvestro also walked the Court through the timeline in the sending of the February Invoice, pointing out that the Debtor's case was filed Friday afternoon on January 29, 2016, with his invoice prepared on February 1, 2016, the following Monday, and processed by the U.S. Post Office through Hartford, Connecticut on February 3, 2016, before being mailed to the Debtor in New York.

**Discussion**

The Debtor seeks to hold DiSilvestro in civil and criminal contempt and to recover damages from him for the alleged violations of § 362(a) of the Bankruptcy Code. That section automatically stays, among other things, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(3) and (a)(6).

"A Bankruptcy Court has the power to issue contempt orders pursuant to statute." *Dorsagno v. Cooley*, No. 95-CV-201, 1996 WL 312180, at *2 (N.D.N.Y. May 31, 1996) (citing 11 U.S.C. § 105(a)). That power extends to willful violations of the automatic stay. *See e.g. Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.),* 920 F.2d 183, 186-87 (2d Cir. 1990); *In re Congregation Birchos Yosef*, 535 B.R. 629, 635 (Bankr. S.D.N.Y. 2015); *Jove Engineering, Inc. v. IRS*, 92 F.3d 1539, 1555 (11th Cir. 1996); *Mountain America Credit Union v. Skinner* (*In re Skinner)*, 917 F.2d 444, 447-50 (10th Cir. 1990). In this Circuit, willful stay violations may be sanctionable under a contempt standard unless the putative violator "had acted without maliciousness and had had a good faith argument and belief that its

actions did not violate the stay." *Crysen/Montenay Energy Co. v. Esselen Assoc., Inc. (In re Crysen/Montenay Energy Co.)*, 902 F.2d 1098, 1104 (2d Cir. 1990). Knowledge of the bankruptcy filing and automatic stay is required to support a finding of contempt. *See Fidelity Mortg. Inv'rs v. Camelia Builders, Inc.*, 550 F.2d 47 (2d Cir. 1976) (finding party in contempt of former automatic stay rule under Bankruptcy Act because of actual knowledge of filing and stay being in effect). *Cf. Sacco v. Burke*, 764 F.Supp. 918, 921 (S.D.N.Y. 1991) (including lack of actual knowledge of violated order as defense to civil contempt). An unknowing stay violation is merely technical in nature. *In re Clayton*, 235 B.R. 801, 807 (Bankr. M.D.N.C. 1998) ("[A] technical violation occurs when a creditor violates the provisions of § 362(a) without knowledge that an active bankruptcy case is pending."). No liability will result for the inadvertent violator. *Id.* The burden of proving a stay violation is on the "party seeking to hold another in civil contempt," and the violation must be established "by clear and convincing evidence." *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002) (citations omitted). That standard "requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." *Id.* (citation omitted).

The Debtor has not adduced any evidence that DiSilvestro had knowledge of the bankruptcy filing prior to mailing the February Invoice. The Court accepts DiSilvestro's recounting of the timeline between the Petition Date and the mailing of the February Invoice set forth on the record and in his pleadings as credible and consistent with the documentary evidence before the Court. Thus, the Debtor has not satisfied his burden of establishing that DiSilvestro knowingly and willfully violated the automatic stay. As such, he has failed to establish grounds for holding DiSilvestro in civil contempt. *See, e.g.*, *Schewe v. Fairview Estates (In re Schewe)*, 94 B.R. 938, 947-48 (Bankr. W.D. Mich. 1989) (rejecting call for sanctions against creditors

who sued debtor post-petition because evidence showed that creditors lacked knowledge of the bankruptcy case and automatic stay when they commenced suit, citing *Fidelity Mort. Inv'rs* 550 F.2d at 51.). In any event, even assuming, *arguendo*, that Debtor could show that DiSilvestro had knowledge of the bankruptcy filing when he sent the February Invoice, the Debtor would not be entitled to a judgment holding him in contempt because Debtor has not established that he was injured by reason of DiSilvestro's actions. *Id*. at 948 (finding that "[a]ny award of damages would be entirely speculative and impermissible" when debtor "failed to present any testimony regarding damages suffered.").

Nor has Debtor established that DiSilvestro threatened him with criminal prosecution in an effort to collect prepetition indebtedness. Accordingly, his reliance on *Weary v. Poteat*, 627 Fed. Appx. 475 (6th Cir. 2015) is misplaced. In that case, a debtor was indebted pre-petition to her landlord under a residential lease. *Id.* at 476. After receiving notice of that debtor's bankruptcy case, the landlord mailed letters to the debtor's counsel and the debtor's mother threatening to pursue criminal charges against the debtor predicated on her prepetition tendering of a bad check to the landlord. *Id.* at 476-77. In doing so, he acknowledged the existence of the bankruptcy case prevented him from commencing civil collection proceedings. *Id.* at 476-77. The Sixth Circuit confirmed the bankruptcy court's finding that the landlord's letters "had only one purpose, to harass and coerce the [d]ebtor into paying Mr. Weary's claim," and, as such, the threats did not fall within the § 362(b)(1) criminal prosecution exception for the stay. *Id.* at 477 (quoting bankruptcy court's bench opinion). As a result, the bankruptcy court's finding that the landlord's criminal prosecution threats violated the automatic stay and imposition of sanctions for doing so were affirmed. *Id.* at 479. The Debtor has not offered any evidence that DiSilvestro threatened him, directly or indirectly, with criminal charges if the Debtor did not pay the

February Invoice or any other bill for prepetition services. As such, *Weary v. Poteat* simply does not apply to this case.[6]

Since the Debtor has failed to establish that DiSilvestro knowingly and willfully violated the automatic stay, there are no grounds for holding him in civil contempt. It follows that there is no cause for holding DiSilvestro in criminal contempt, since that carries with it an even higher burden requiring proof beyond a reasonable doubt. *See Stockschlaeder & McDonald, Esq. v. Kittay (In re Stockbridge Funding Corp.),* 158 B.R. 914, 918 n.7 (citing *U.S. v. Twentieth Century Fox Film Corp.*, 862 F.2d 656, 659 (2d Cir. 1989)).[7]

The Court now considers whether § 362(k) provides grounds for sanctioning DiSilvestro for his stay violation. In relevant part, section 362(k)(1) states that "an individual injured by any willful violation of [the automatic stay] shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). This is a statutory right available to individual debtors independent from the court's general contempt powers under which it can "order sanctions against violators of automatic stays." *Crysen/Montenay*, 902 F.2d at 1104 (establishing standard for sanctions under § 362(h) [now § 362(k)]). "A creditor willfully violates section 362 when it knows of the filing of the petition (and hence of the automatic stay), and has the general intent simply to perform the act

---

[6] In addition to the *Poteat* case, the Debtor string cites to a series of cases involving debtors seeking to enjoin the continuation of criminal prosecutions against them. S*ee* Manchanda Memo of Law 5 and Supplemental Memo 5, 6 ("*Holder v. Dotson (In re Holder)*, 26 Bankr. 789 (Bankr. M.D. Tenn. 1982; *Wise v. Ritter (In re Wise)*, 25 Bankr. 440 (Bankr. E.D. Va. 1982), [et al.]"). The Debtor also references several other cases, including *Davis v. Sheldon*, 691 F.2d 176 (3d Cir. 1982), as a comparison between the motivation test applied in several of the aforementioned cases and the "bad-faith-irreparable injury" test applied in other cases. None of those cases cited by the Debtor are applicable here because the Debtor has not established, nor even alleged, the existence of an actual criminal prosecution against him, and those cases do not involve situations in which debtors are seeking to hold parties in civil or criminal contempt for their stay violations.

[7] The Court does not consider whether it has the authority to impose sanctions for criminal contempt. *United States v. Guariglia*, 962 F.2d 160, 163 (2d Cir. 1992) ("there is a serious question as to whether the bankruptcy court would have had the authority to punish Guariglia for criminal contempt . . . .").

found to violate section 362; no specific intent to violate section 362 is necessary." *In re Weber*, 719 F.3d 72, 82 (2d Cir. 2013).

To establish a right to relief under this provision, the Debtor must prove by a preponderance of the evidence "that [DiSilvestro] received notice of the petition, [ ] that [DiSilvestro's] actions were in willful violation of the stay, and [ ] that the [D]ebtor suffered damages." *In re Parry*, 328 B.R. 655, 658 (Bankr. E.D.N.Y. 2005). *See also Crysen/Montenay*, 902 F.2d at 1105 (liability under § 362(k) will be found when an individual debtor proves the existence of a "deliberate act taken in violation of a stay, which the violator knows to be in existence . . . ."); *HSBC Bank USA v. Crawford (In re Crawford)*, 476 B.R. 83, 86-87 (S.D.N.Y. 2012) (affirming bankruptcy court award of actual damages under § 362(k) against bank for willful violation of automatic stay in which bank's agent had knowledge of existence of bankruptcy filing through verbal communications from state court referee and debtor prior to foreclosure sale). *Accord Barnett v. Edwards (In re Edwards)*, 214 B.R. 613, 620 (B.A.P. 9th Cir. 1997) ("A violation of the automatic stay is 'willful' if the creditor knew of the automatic stay and intentionally performed the actions that violated the stay, and neither a good faith belief that the creditor had a right to the property nor good faith reliance on the advice of counsel is relevant.").

DiSilvestro acknowledges that he violated that automatic stay when he sent the February Invoice. However, that violation was not "willful" for purposes of § 362(k) because, as set forth above, the evidence shows that he was not aware of Debtor's bankruptcy when he sent that invoice. *See Lichtenstein v. Cohen & Slamowitz, LLP (In re Lichtenstein)*, No. 08 Civ. 0261, 2009 WL 874198, at *1-2 (S.D.N.Y. Mar. 31, 2009) (affirming bankruptcy court determination that mailing of bill to debtor prior to receipt of notice of bankruptcy filing was not willful

violation subject to sanctions under § 362(k)); *Leslie v. GMAC Mort. Corp. (In re Leslie)*, Bankr. No. 05-24110, Adv. No. 06-2015, 2007 WL 80806, at *2 (Bankr. D. Conn. Jan. 5, 2007) (concluding creditor did not willfully violate stay by sending collection letter dated same day as debtor's bankruptcy filing because letter sent before creditor had notice of filing); *cf. Weber*, 719 F.3d at 82 (finding willful violation of automatic stay when creditor failed to return repossessed vehicle after learning of chapter 13 filing). *Accord Carter v. First National Bank of Crossett (In re Carter)*, 583 Fed. Appx. 560, 562 (8th Cir. 2014) (denying recovery of damages under § 362(k) because "[d]ue to the [creditor's] lack of knowledge prior to [seeking replevin], a willful violation of the stay could not have occurred.") (per curiam) (unpublished); *Tow v. Henley (In re Henley)*, 480 B.R. 708, 798 (Bankr. S.D. Tex. 2012) (holding that "if a creditor violates the automatic stay without knowledge of the filing of the bankruptcy, it is merely a technical violation . . . and there are no consequences to the creditor.") (quotation marks, citation, and emphasis omitted).

Moreover, as discussed above, the Debtor has failed to establish that he was damaged by DiSilvestro's actions. *See e.g., In re Miller,* 447 B.R. 425, 433 (Bankr. E.D.Penn. 2011) (finding act of sending invoices after being advised of the bankruptcy filing on the date of such filing by debtor's counsel was a violation of § 362(a)(6), but holding that debtors failed to establish damages). *See also In re Sturman*, No. 10 Civ. 6725, 2011 WL 4472412, at *3 (S.D.N.Y. Sept. 27, 2011) ("Where no injury results from the violation of the automatic stay, an award of damages is clearly inappropriate."); *Lichtenstein*, 2009 WL 874198, at *2 (affirming bankruptcy court's denial of award of sanctions and attorneys' fees when debtor did not suffer any damages). Accordingly, the Debtor is not entitled to relief under § 362(k).

**Conclusion**

Based on the foregoing, and for the reasons stated, the Motion is **DENIED.**

DiSilvestro is directed to settle an order on no less than seven (7) days' notice.

Dated: New York, New York
May 19, 2016

_/s/ James L. Garrity, Jr.________
United States Bankruptcy Judge